Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2389 | **DATE** | 8/14/2001 |
| **CASE TITLE** | Rosenberg v. GTCR Fund VI et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, the Defendants' Motion to Dismiss [# 10] is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 2 8 2001 date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | FILED FOR DOCKETING | |
| mrl | courtroom deputy's initials | | 01 AUG 27 PM 2:59 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| ARON ROSENBERG, derivatively on behalf of COMMERCE ONE, INC., a Delaware Corporation. | |
| Plaintiff, | No. 00 C 2389 |
| v. | |
| GTCR FUND VI, L.P. and GTCR GOLDER RAUNER, L.L.C, | The Hon. David H. Coar |
| Defendants, | |
| and | |
| APPNET, INC., a Delaware Corporation and COMMERCE ONE, INC., | |
| Nominal Defendants. | |

**DOCKETED**

AUG 2 8 2001

## MEMORANDUM OPINION AND ORDER

Aron Rosenberg, as a shareholder and on behalf of Commerce One, Inc. sued the GTCR Fund VI, and GTCR Golder Rauner, LLC for violating the short-swing profit provisions – Section 16(b) – of the Securities Exchange Act. See, 15 U.S.C. 78p(b). Commerce One and its wholly-owned subsidiary AppNet Inc. are also named as nominal defendants. Rosenberg alleges that the GTCR defendants acquired and later sold AppNet stock within a six-month period. The Defendants moved to dismiss Rosenberg's suit because he does not own any AppNet securities – a fact that Rosenberg concedes. As a result, they argue, he lacks standing under 16(b). For the reasons stated below, the Court GRANTS the Defendants' motion to dismiss.

### Background

The GTCR defendants acquired 44,167 shares of preferred stock in AppNet sometime in 1998. Roughly a year later, AppNet became a publicly-traded company. At the same time as AppNet's initial public offering, the GTCR defendants swapped their preferred shares for 3,813,864

shares of common stock. Less than six months later, the GTCR defendants, who allegedly owned more then 10% of AppNet's outstanding stock, sold 2,791,938 of their shares.

In June 2000, Commerce One merged with AppNet in a stock-for-stock trade. As a result, AppNet became a wholly-owned subsidiary of Commerce One. Based on the GTCR defendants' acquisition and sale of AppNet stock, Rosenberg alleges that they violated the short-swing profit prohibition of the Securities Exchange Act. Although Rosenberg does not own any stock in AppNet, he does own Commerce One stock and purports to sue on its behalf.

**Discussion**

The GTCR Defendants have moved to dismiss arguing that Rosenberg lacks standing to sue.[1] The Defendants' motion turns on the meaning of Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b). The starting place for determining the meaning of a statute is the language itself. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 756 (1975) (Powell, J. concurring). If the language is unambiguous, it is generally conclusive. Id. Courts will effectuate the plain meaning, unless doing so would be demonstrably at odds with a clearly expressed meaning set forth in the legislative history, see Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980), or would lead to a result so absurd that Congress could not have intended it. See Sorrells v. United States, 287 U.S. 435, 446 (1932).

---

[1] Rosenberg counters that the GCTR Defendants themselves lack standing to challenge his standing. The Court disagrees. The cases upon which Rosenberg relies do not support his position. Rather, in those cases the issue was whether 16(b) defendants could challenge the pre-suit demand on the issuer corporation. See Conlan v. Monumental Corp., 524 F. Supp. 1023, 1028 (N.D. Ill. 1981); Morales v. Mylan Labs, 443 F. Supp. 778, 779 (W.D. Pa. 1978); Blau v. Ogsbury, Fed. Sec. L.Rep. (CCH) ¶ 90,635, at 91,929 (S.D.N.Y. 1953). That is not an issue here. Defendants alleged to have violated 16(b) can and do challenge a plaintiff's standing. See, e.g., Untermeyer v. Valhi, Inc., 665 F. Supp. 297, 298 (S.D.N.Y. 1987).

Section 16(b) prevents certain insiders from obtaining "short-swing profits" – i.e., profiting by the sale of securities within a six-month period. See 15 U.S.C. § 78p(b); Gollust v. Mendell, 501 U.S. 115, 123 (1991). To enforce this provision, Congress created a private right of action for two classes of people: namely, "the issuer, or . . . the owner of any security of the issuer in the name and in behalf of the issuer [if certain conditions are met]." 15 U.S.C. § 78p(b). The definition of issuer in this context is unmodified and does not encompass parent or subsidiary corporations. See Gollust, 501 U.S. at 123 (citing 15 U.S.C. § 78c(a)(8)). Congress knew how to and did broaden the term issuer when it wanted to. See 15 U.S.C. § 77b(11) ("issuer" defined for certain purposes as "any person directly or indirectly controlling or controlled by the issuer, or any person under direct or indirect common control with the issuer.") For purposes of 16(b), though, it did not do so.

Rosenberg does not argue that the language is ambiguous but implies two things: first, that the legislative history of 16(b) is inconsistent with the assertion that there is a lack of standing; and second, that limiting 16(b) to its plain language would produce an absurd result. The Court rejects each of these contentions. The legislative history is far from abundant. See Gollust, 501 U.S. at 125. Moreover, Rosenberg merely points to the Supreme Court's characterization in Gollust of certain portions of the legislative history. From that, he argues that Congress clearly intended to provide standing to individuals with a financial incentive to sue. Even accepting this principle as true, though, it is not contrary to the idea of providing standing to some but not all of those with such an incentive. In sum, Rosenberg has not pointed to any legislative history that would justify deviating from 16(b)'s plain language.

Also, limiting the private cause of action in 16(b) cases does not lead to an absurd result, or to use Rosenberg's analogy, one that leaves the proverbial fox guarding the chicken coop. After Commerce One acquired all of AppNet's stock in June 2000, it had standing to sue the GTCR

Defendants for any alleged violations of 16(b). See 15 U.S.C. § 78p(b). It also had financial incentive to do so. There is simply no evidence that Commerce One's directors or officers were "foxes" with respect to the GTCR Defendants' transactions. Rosenberg's analogy, and his argument regarding an absurd result, does not merit deviation from the plain language of 16(b).

AppNet is the issuer in this case. So, only AppNet or an owner of its securities could sue under the plain language of 16(b). Since Rosenberg owns no AppNet securities, but only shares of its parent, Commerce One, he lacks standing. See, e.g., Portnoy v. Kawecki Berlylco Indus., Inc., 607 F.2d 765, 768 (7th Cir. 1979) (stockholder of grandparent company lacks standing to sue under 16(b)), partially overruled on other grounds by, Gollust, 501 U.S. 115; see also Lewis v. McAdam, 762 F.2d 800, 804 (9th Cir. 1985) (stockholder in parent company lacks standing); Heine v. Computer Assoc. Int'l, Inc., No. 93 CIV. 9027, 1994 WL 613304, at *1-2 (S.D.N.Y. Nov. 7, 1994) (same); Untermeyer, 665 F. Supp. at 301, aff'd, 841 F.2d 25 (2d Cir. 1988) (same). If Rosenberg believes that Commerce One, its directors or officers, failed to take the proper action, then his remedy is to proceed, if he can, against them.

## CONCLUSION

For the foregoing reasons, this Court GRANTS the defendants' motion dismiss in its entirety.

Enter:

_____
David H. Coar
United States District Judge

Dated: AUG 1 4 2001