Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2389 | DATE | 11/27/2001 |
| CASE TITLE | Rosenberg v. GTCR Fund VI et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's Motion to Supplement Record or Vacate the Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the Plaintiff's Motion to Supplement the Record on Appeal or, alternatively, to Vacate the Judgment and grant leave to supplement or amend the Complaint [27-1] and [27-2] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 28 2001 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ARON ROSENBERG, derivatively on  )
behalf of COMMERCE ONE, INC., a  )
Delaware Corporation,            )
                                 )
                  Plaintiff,     )
                                 )  No. 01 C 2389
         v.                      )
                                 )  HONORABLE DAVID H. COAR
GTCR FUND VI, L.P. and GTCR      )
GOLDER RAUNER, LLC,              )
                                 )
                  Defendants,    )
                                 )
         - and -                 )
                                 )
APPNET, INC., a Delaware Corporation )
and COMMERCE ONE, INC.           )
                                 )
                  Nominal Defendants.  )

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff Rosenberg's Motion to Supplement the Record on Appeal or, alternatively, to Vacate the Judgment and grant leave to supplement or amend the Complaint. For the reasons set forth below, this Court DENIES Plaintiff's Motion.

### I. Background

Aron Rosenberg ("Rosenberg"), as a shareholder and on behalf of Commerce One, Inc., sued the GTCR Fund VI and GTCR Golder Rauner, LLC for violating the short-swing profit provisions -- Section 16(b) -- of the Securities Exchange Act. See, 15 U.S.C. 78p(b). On August 14, 2001, this Court dismissed Rosenberg's case because he lacked standing under Section 16(b) of the Securities Exchange Act since he did not own AppNet securities at the time he filed suit. Rosenberg now contends that the allegations in his Complaint regarding AppNet's status as a wholly-owned

-1-

subsidiary of Commerce One was erroneous and that, at the time he filed suit, AppNet had been merged into Commerce One. Rosenberg bases his argument on a Certificate of Ownership and Merger filed with the Delaware Secretary of State, which was not before this Court when it decided GTCR defendants' motion to dismiss. This Certificate, which was signed on March 28, 2001 and filed with the Delaware Secretary of State on April 19, 2001 at 4:00 p.m., states that "the merger shall be effective upon filing with the Secretary of State of Delaware."

## II. Discussion

### A. Motion to Supplement the Record on Appeal

The purpose of Federal Rule of Appellate Procedure 10(e) "is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict. Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court." Shasteen v. Saver, 252 F.3d 929, 934 n.2 (7th Cir. 2001) (citing United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir. 1987)). Thus, the rule recognizes the appropriateness of assembling a record on appeal that adequately and accurately "reflects what happened in the district court." In re Name Brand Prescription Drugs Antitrust Litigation, 1996 WL 478547 (N.D. Ill. Aug. 21, 1996) (citations omitted).

In this case, none of the exhibits that Rosenberg seeks to supplement the record were before this Court. His motion is therefore DENIED.

### B. Motion to Vacate

In the alternative, Rosenberg urges this Court to grant him relief from judgment pursuant to Rule 60(b). In support of his motion, Rosenberg cites to the Certificate of Ownership and Merger. Rosenberg claims that AppNet was not a wholly owned subsidiary company of Commerce One as the defendants claimed throughout this lawsuit; rather, AppNet ceased to exist

as a separate corporate entity and all its rights and obligations were assumed by Commerce One, the company in which Rosenberg owned stock.

Relief under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. Tobel v. City of Hammond, 94 F.3d 360, 362 (7th Cir. 1996). See also Publicis Communication v. True North Communications, Inc., 206 F.2d 725, 730 (7th Cir. 2000) (observing that a party "needs awfully good stuff to win a Rule 60(b)(2) motion"). Rule 60(b)(2) permits a court to revise a judgment because of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Rule 60(b)(3) provides a remedy for "fraud, misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).

To obtain relief from judgment under Rule 60(b)(2), the movant must demonstrate: (1) that the evidence underlying the motion was discovered following trial; (2) that the movant exercised due diligence to discover the evidence; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is material; and (5) that the evidence is such that it will likely produce a new result at a retrial. In the Matter of Wildman, 859 F.2d 553, 558 (7th Cir. 1988); West v. Love, 776 F.2d 170, 176 (7th Cir. 1985). If any of these prerequisites is not satisfied, then the movant's motion must fail. 859 F. 2d at 558.

Rosenberg fails to satisfy three of these prerequisites: he did not exercise due diligence to discover the evidence, the evidence is not material, and the evidence will not likely produce a new result at a retrial. The exhibits that Rosenberg only recently discovered were in the public record and were available from the Secretary of State of Delaware prior to the dismissal of this case. Further, contrary to Rosenberg's assertions, defendants did not file falsified documents nor did they misrepresent AppNet's corporate structure. As defendants point out, the merger was

part of a post-filing corporate reorganization. The issue on which this Court ruled was whether, on the day he filed suit, Rosenberg was a holder of any securities of the "issuer" of the stock allegedly sold by GTCR in violation of Section 16(b). While Rosenberg attempts to suggest that the merger was "completed" on March 28, 2001 because that was the date the document was signed, the Certificate of Ownership and Merger unequivocally states that the "merger shall be effective upon filing with the Secretary of State of Delaware." In fact, Delaware corporate law requires companies engaging in a merger to file appropriate documents with the Secretary of State before the merger becomes effective. See Del. Gen. Corp. L. §253 (merger of parent corporation and subsidiary is effectuated by "executing, acknowledging and *filing*, in accordance with §103 of this title, a certificate of such ownership and merger . . ."); Del. Gen. Corp. L. §103(d) ("Any instrument filed in accordance with subsection (c) of this section *shall be effective upon its filing date*.") (emphasis added). Thus, defendants did not misrepresent the corporate structure of AppNet because the merger of AppNet with Commerce One did not occur, and AppNet continued to exist as a stand-alone Delaware corporation, until 4 p.m. on April 19, 2001.

Nothing cited in Rosenberg's motion alters the fact that on April 5, 2001, AppNet existed as a corporation organized under Delaware law. His new facts, therefore, do not establish that he has standing to bring this suit.

## III. Conclusion

For the foregoing reasons, this Court DENIES Rosenberg's motion in its entirety.

Enter:

_____
David H. Coar
**United States District Judge**

Dated: **November 27, 2001**